UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Ricci, *et al*,<br>    *Plaintiff,*<br><br>         *v.*<br><br>DeStefano, *et al*,<br>    *Defendant.* | Civil No. 3:04cv1109 (JBA)<br><br><br><br>March 12, 2010 |

ORDER FOR RANDOM ASSIGNMENT OF MOTION

Plaintiffs have moved for recusal of the undersigned under 28 U.S.C. § 455(a): "Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Plaintiffs claim no actual bias or partiality, or any conflict of interest.

Section 455(a) "establishes an objective standard designed to promote public confidence in the impartiality of the judicial process." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988). Because "the judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion" *id.* at 1312, Section 455(a) anticipates that the judge whose recusal is sought will "in the first instance [] determine whether to disqualify [her]self." Here, the Court has already evaluated matters brought to its attention by Plaintiffs' counsel, and after "carefully weighing the policy of promoting public confidence in the judiciary against the possibility that those questioning [the presiding judge's] impartiality might be seeking to avoid the adverse consequences of [her] presiding over the case," *id.* at 1312, found recusal unwarranted (Feb. 4, 2010 Oral Arg. Trans. [Doc. # 223]). Therefore, in the interests of justice, the determination of whether "a reasonable person knowing and understanding all the relevant

facts," *id.* at 1313, would reasonably question this Judge's impartiality will be made by another judge in this District. *See, e.g., United States v. Cherry*, 330 F.3d 658, 666 n.13 (4th Cir. 2003) ("[Section] 455(a) does not specify any particular procedures that a judge should employ in deciding a recusal motion. A judge may, of course, in [her] discretion, conduct an evidentiary hearing or transfer a recusal request to another judge for determination.") (citing *United States v. Heldt*, 668 F.2d 1238, 1271–72 (D.C. Cir. 1981)); *Salt Lake Tribune Pub. Co., LLC v. AT&T Corp.*, 353 F. Supp.2d 1160, 1172 (D. Utah 2005) ("If the issue of a judge recusing [her]self arises . . . through a motion to recuse under § 455 . . . the judge has the option to either transfer the matter to another judge for decision or determine it [her]self.").

Accordingly, the Clerk is directed to assign a "Miscellaneous Case" (MC) number to this Motion [Doc. # 228] and to randomly assign it in accordance with the District's random case assignment policy.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 12th day of March, 2010.