UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Frank Ricci, et al.,<br>    *Plaintiffs*,<br><br>    *v.*<br><br>John DeStefano, et al.,<br>    *Defendants*. | Civil No. 3:04cv1109 (JBA)<br><br><br><br>January 21, 2011 |

RULING ON MOTIONS FOR RECONSIDERATION

On August 20, 2010, the Court issued an Order [Doc. # 239] ("August 20 Order") that vacated certain judgments previously entered in favor of Defendants and reinstated Plaintiffs' Equal Protection and Intentional Infliction of Emotional Distress claims for further adjudication along with damages under Title VII. Plaintiffs' motion for reconsideration [Doc. # 242] of this Order correctly points out that the Court did not rule on the status of Plaintiffs' civil–rights conspiracy claim under 42 U.S.C. § 1985, and contends that those claims, too, must be reinstated. Defendants also move for reconsideration [Doc. # 243] of the August 20 Order, arguing that the Court erred in reinstating the Equal Protection and Intentional Infliction of Emotional Distress claims and in denying Defendants' Motion to Amend Judgment with respect to Plaintiffs Thomas Michaels, Sean Patton, Edward Riordan, and John Vendetto.

I.    Standard

The standard for granting a motion for reconsideration is "strict," and "[t]he major grounds for justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.

1992) (quoting 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4478 (1st ed. 1981)).

II.     Discussion

    A.     Section 1985 Claims

Because the August 20 Order does not address Plaintiffs' Section 1985 civil–rights conspiracy claim, the Court will grant Plaintiffs' motion for reconsideration for the purpose of determining the status of that claim. Upon reconsideration, the Court concludes that because Plaintiffs failed to advance an argument with respect to their Section 1985 claim on appeal before the Second Circuit, they waived any challenge to this Court's ruling on that claim, and the original judgment for Defendants on that claim remains the law of the case. *See Cnty. of Suffolk v. Stone & Webster Eng'g Corp.*, 106 F.3d 1112, 1117 (2d Cir. 1997) ("[A] decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision.").

Plaintiffs' appellate brief before the Second Circuit failed to raise any argument as to this Court's ruling on the Section 1985 claim. The table of contents lists only Title VII, Equal Protection, and First Amendment claims within its argument section; the "Issues Presented for Review" do not include any mention of Section 1985 or conspiracy; and Plaintiffs do not cite 42 U.S.C. § 1985 anywhere in their brief. *See* Appellants' Brief, *Ricci v. DeStefano*, 264 F. App'x 106 (2d Cir. 2008) (No. 06–4996-cv), 2007 WL 5998076. However, Defendants addressed the Section 1985 conspiracy claim in their appellate briefing, asking the Second Circuit to "affirm the judgment on the conspiracy claim," Brief of Defendants–Appellees at

82–83, *Ricci v. DeStefano*, 264 F. App'x 106 (2d Cir. 2008) (No. 06–4996-cv), 2007 WL 5998077, in reply to which Plaintiffs argued:

> The District Court did not reach the issues of qualified immunity, absolute immunity for defendants Ude and DeStefano and the conspiracy to violate plaintiffs civil rights (42 U.S.C. § 1985). Accordingly, because appellants had no ruling from which to appeal, appellants did not brief those issues in their primary brief. All of the issues were thoroughly briefed in the trial court, however, and appellants rely on the arguments presented therein. See R. Doc. #81 at pp. 75–79 (qualified immunity), 79–80 (absolute immunity) and 80–81 (§ 1985). Because each of those claims involves disputed factual issues as to the defendants' intent, summary judgment is inappropriate in any event.

Reply Brief of Plaintiffs–Appellants at 30–31, *Ricci v. DeStefano*, 264 F. App'x 106 (2d Cir. 2008) (No. 06–4996-cv), 2007 WL 5998079.

Plaintiffs' position that this Court did not reach the Section 1985 conspiracy claim in its September 28, 2006 Ruling on Cross–Motions for Summary Judgment is incorrect. The Court ruled that because "plaintiffs fail to present sufficient evidence that their equal protection rights were violated, their § 1985 conspiracy claim must fail as well." *Ricci v. DeStefano*, 554 F. Supp. 2d 142, 162 (D. Conn. 2006) (*Ricci I*). Although Plaintiffs argued on appeal that factual disputes rendered summary judgment on their Section 1985 claim inappropriate, they did so only in their reply brief, and the Second Circuit "ha[s] concluded that merely incorporating by reference an argument presented to the district court . . . or raising an issue for the first time in a reply brief likewise d[oes] not suffice" to raise an issue on appeal. *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) (citing *Franks*, 78 F.3d at 833). In order to have raised the issue on appeal, an appellant "must state the issue *and* advance an argument." *Frank v. United States*, 78 F.3d 815, 832–33 (2d Cir. 1996) (under Fed. R. App. P. 28(a)), *rev'd on other grounds*, 521 U.S. 1114 (1997). Plaintiffs' primary

appellate brief advances no argument with respect to Section 1985, thus they waived their right to challenge the disposition, which remains the law of the case. *See Stone & Webster*, 106 F.3d at 1117.

Because Plaintiffs have waived their challenge to this Court's decision on their Section 1985 conspiracy claim, the Court will not reinstate that claim. Accordingly, Plaintiffs' Motion for Order Vacating Judgment for Defendants with respect to the Section 1985 claim is denied.

### B. Equal Protection Claim

Defendants move for reconsideration of the Court's August 20 Order reinstating Plaintiffs' Equal Protection claim on two grounds: (1) that because this Court granted summary judgment in Defendants' favor in 2006, the Second Circuit affirmed, and the Supreme Court declined to address the Equal Protection issue, the Second Circuit's decision on Equal Protection remains the law of the case; and (2) that the Court overlooked the "long–standing legal canon of constitutional avoidance" in reinstating Plaintiffs' Equal Protection claim. (Defs.' Mem. in Supp. of Mot. for Recons. [Doc. # 243–1] at 3–6.) Because the Court overlooked the spirit-of-the-mandate doctrine and did not fully consider the spirit of the Supreme Court's mandate with respect to constitutional avoidance, the Court will grant Defendants' motion for reconsideration to reconsider the status of Plaintiffs' Equal Protection claim.

Although an appellate court's mandate, under the mandate rule, "is controlling only as to matters within its compass," *New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 352 F.3d 599, 606 (2d Cir. 2003), under spirit–of–the–mandate doctrine, that mandate "forecloses relitigation of issues expressly or *impliedly* decided by the appellate court."

4

*United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) (emphasis in original) (quoting *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993)). "To determine whether an issue remains open for reconsideration on remand, the trial court should look to both the specific dictates of the remand order as well as the broader spirit of the mandate." *Id.* (internal quotation marks and citations omitted).

In its June 29, 2009 decision, the Supreme Court held that "[t]he City's discarding the test results was impermissible under Title VII, and summary judgment is appropriate for [Plaintiffs] on their disparate–treatment claim." *Ricci v. DeStefano*, 129 S. Ct. 2658, 2681 (2009) (*Ricci II*). In so ruling, the Supreme Court explained, as part of its mandate reversing and remanding the Second Circuit's judgment, that it declined to address Plaintiffs' Equal Protection claim: "Petitioners are entitled to summary judgment on their Title VII claim, and we therefore need not decide the underlying constitutional question. The judgment of the Court of Appeals is reversed, and the cases are remanded for further proceedings consistent with this opinion." *Id.* The Second Circuit, in turn, remanded to this Court "for further proceedings consistent with the opinion of the Supreme Court." (October 27, 2009 Mandate [Doc. # 144].) The Supreme Court's mandate, in specifically directing summary judgment for Plaintiffs on Title VII while employing the doctrine of constitutional avoidance with respect to Plaintiffs' constitutional claims, forecloses not only relitigation of the Title VII claims, but also the Equal Protection claim.

Although the Supreme Court explained that "it need not decide the constitutional question," its express declaration to not decide the issue, as it bears on the spirit of the mandate, forecloses relitigation as if it were an express decision on Plaintiffs' Equal Protection claim. *See Ben Zvi*, 242 F.3d at 95. Without "deciding" the Equal Protection

5

question, but instead avoiding the constitutional question and disposing of the case on the basis of Title VII, the Supreme Court implied that because Plaintiffs are entitled to relief on their Title VII claim, further consideration of the Equal Protection claim would be contrary to constitutional avoidance principles. *See Ricci II*, 129 S. Ct. at 2672 ("Petitioners raise a statutory claim, under the disparate–treatment prohibition of Title VII, and a constitutional claim, under the Equal Protection Clause of the Fourteenth Amendment. A decision for petitioners on their statutory claim would provide the relief sought, so we consider it first.") It therefore follows from the spirit of the Supreme Court's mandate that there will be no further proceedings on Plaintiffs' Equal Protection claim because Plaintiffs are entitled to the relief sought under Title VII.

      C.      Intentional Infliction of Emotional Distress

Defendants also move for reconsideration of the Court's August 20 Order with respect to the reinstatement of Plaintiffs' Intentional Infliction of Emotional Distress ("IIED") claim. Defendants argue that the Court overlooked case law that established "that the plaintiffs could and should have appealed this Court's decision declining to exercise supplemental jurisdiction." (Defs.' Mem. Supp. at 8.) Because the Court overlooked the law–of–the–case doctrine and misinterpreted the Supreme Court's mandate with respect to Plaintiffs' IIED claim, it will grant Defendants' motion to reconsider the status of that claim.

Plaintiffs did not challenge on appeal this Court's decision declining supplemental jurisdiction over this IIED claim, *see* Appellants' Brief, 2007 WL 5998076; they accordingly waived their challenge to that decision. *See Stone & Webster*, 106 F.3d at 1117. Plaintiffs, in their Motion to Vacate [Doc. # 201], argued that the Supreme Court's reversal of this Court's September 28, 2006 ruling "outright revers[ed] . . . judgment against the plaintiffs

6

on *all* their claims." (Mot. to Vacate at 2–3.) This is incorrect. Because Plaintiffs appealed only with respect to their Title VII, Equal Protection, and First Amendment claims, *see* Appellants' Brief, 2007 WL 5998076, neither their IIED claim, nor this Court's declination of jurisdiction over that claim, were before the Supreme Court and thus did not form any part of the Supreme Court's decision or mandate. *See New England Ins.*, 352 F.3d at 606 ("[A] mandate is controlling only as to matters within its compass.")

Although the Second Circuit has held that reinstatement on appeal of federal claims reinstates supplemental jurisdiction over state law claims, it has done so only where an appellant properly raised the issue of supplemental jurisdiction on appeal. *See Spinelli v. City of New York*, 579 F.3d 160, 175 (2d Cir. 2009), Brief for Plaintiffs–Appellants, 2007 WL 7073582, at *3; *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 79 (2d Cir. 2003), Brief of Plaintiffs–Appellants, 2002 WL 3287521. However, where a party does not raise a specific issue on appeal and thus does not challenge the district court's final judgment with respect to that issue, that final judgment remains the law of the case and is not modified by an appellate court's decision with respect to other issues. *See Stone & Webster*, 106 F.3d at 1117. Because Plaintiffs did not raise supplemental jurisdiction over their IIED claim on appeal and because the Supreme Court's mandate accordingly does not control with respect to this Court's prior dismissal of IIED, that dismissal is unaffected by the Supreme Court's reversal and mandate.

Therefore, the Court's prior dismissal of the IIED claim is restored, Plaintiffs' IIED claim will not be reinstated, and there will be no further proceedings with respect to this claim.

### D. Defendants' Motion to Amend Judgment

Defendants move for reconsideration of the Court's August 20 Order with respect to the denial of their Motion to Amend Judgment entered in favor of Plaintiffs Thomas Michaels, Sean Patton, Edward Riordan, and John Vendetto. Defendants argue that because these Plaintiffs did not have standing by virtue of the fact that their test scores fell below what was needed for promotion, the Court erred in not excluding them from the judgment. (Defs.' Mem. Supp. at 9–11.) Defendants' Motion for Reconsideration will be denied.

Defendants rely on *Bushey v. New York State Civil Svc. Com'n*, 571 F. Supp. 1562, 1579–80 (N.D.N.Y. 1983) in arguing that with test scores below what was needed for promotion, Michaels, Patton, Riordan, and Vendetto did not suffer an injury–in–fact and accordingly do not have standing. This argument ignores, however, that Plaintiffs claimed as their injury not the failure to be promoted, but the failure to be treated non–discriminatorily. *See Ricci v. DeStefano*, 554 F. Supp. 2d 142, 161 (D. Conn. 2006). Because these four Plaintiffs were petitioners before the Supreme Court, they are entitled to the judgment ordered under Title VII. The issue of what damages, if any, these Plaintiffs may be entitled to remains for resolution at a later stage.

### III. Conclusion

For the reasons stated above, Plaintiffs' Motion for Reconsideration [Doc. # 242] is GRANTED, however Plaintiffs' Motion for Order Vacating Judgment for Defendants [Doc. # 201] with respect to Plaintiffs' Section 1985 claim is DENIED. Defendants Motion for Reconsideration [Doc. # 243] is GRANTED in part and DENIED in part. Judgment for Defendants with respect to Plaintiffs' Equal Protection and IIED claims will not be vacated

and there will be no further proceedings on these claims. The only remaining issue for adjudication is to what damages Plaintiffs are entitled with respect to their Title VII claim.

IT IS SO ORDERED.

___/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of January, 2011.